Monnet *v.* Merz.

---

## MONNET *v.* MERZ.

*N. Y. Superior Court ; Special Term, July,* 1893.

Costs; *extra allowance.*] Plaintiffs, having recovered a portion of the amount claimed in an action on an account, were awarded an extra allowance, and the judgment was, on defendant's appeal, affirmed at General Term, and with some modification in the court of appeals. They subsequently appealed from the original judgment in so far as it failed to award an additional sum claimed, succeeding at General Term in reversing that part of the judgment and obtaining a new trial ; on appeal by defendant, with the usual stipulation, this order was affirmed in

the court of appeals and judgment absolute directed in favor of plaintiffs, who then made this motion for another additional allowance, in view of the extra labor involved.—*Held*, that in view of the rule that but one allowance will be granted, which is based on the labor involved in the trial of the action, irrespective of subsequent appeals, and of the further rule against increasing a judgment by the award of an allowance, after direction of judgment absolute by the court of appeals, the application for a further allowance should be denied.

Motion for an additional allowance.

This action was brought by Louis Monnet and others against Henry Merz to recover the balance of an account.

The facts are fully stated in the opinion.

*Arnoux, Ritch & Woodford*, for plaintiffs.

*Man & Man*, for defendants.

GILDERSLEEVE, J.—This action was commenced to recover the sum of about $18,000, the balance of account between the parties herein. It was sent to a referee for trial. The referee reported in favor of the plaintiff in the sum of $12,276.29. After the filing of the referee's report, and before the entry of judgment, the plaintiffs moved for an additional allowance, and the court allowed them the sum of $300. Judgment was entered on the referee's report, and from that judgment the defendant appealed to the General Term. The judgment was affirmed at the General Term, and from the judgment of affirmance the defendant appealed to the court of appeals. The court of appeals modified the judgment by deducting $1,125, with interest from March 9, 1893, and, as modified, affirmed the same, without costs. After this decision by the court of appeals, the plaintiff appealed to the General Term from so much of the judgment entered on the report of the referee as failed to adjudge that plaint-

iffs were entitled to recover the further sum of $6,126.09. The defendant's attorneys returned the plaintiffs' appeal papers on the ground that they were served too late, and afterwards made a motion at General Term to dismiss. plaintiffs' appeal on that ground. The General Term denied the motion, and from the order of the General Term denying the motion defendant appealed to the court of appeals, which affirmed the order of the General Term, with costs.

Plaintiffs' appeal from the original judgment entered on the report of the referee was argued before the General Term, and a decision was handed down in the plaintiffs' favor, reversing that part of the judgment of the referee appealed from, and ordering a new trial, with costs. to abide the event, and that the order of reference be vacated. The case was placed upon the calendar for trial, but before the trial could be had, the defendant gave the usual stipulation and appealed direct from the order of reversal of the General Term to the court of appeals. The court of appeals affirmed the order of reversal of the General Term, and directed judgment absolute in favor of the plaintiffs.

The plaintiffs now move for another extra allowance, on the ground of the inadequacy of the first allowance, i. e., $300, and on account of the additional labor devolved upon them by the numerous appeals.

It is the well settled practice that only one additional allowance can be made in a case, no matter how many times the case may be tried (Flynn v. Equitable Life Assurance Society, 18 *Hun*, 212 ; Bank of Mobile v. Phœnix Ins. Co., 8 *Civ. Pro. R.* 212 ; Union Trust Co. v. Whiton, 17 *Hun*, 593). The allowance is given for the trial of the action, not for the appeals. In this case there has been but one trial, though many appeals have been taken. This is practically a motion to increase the allowance already granted by the Special Term, or, in other words, it is an application to one judge at

Special Term to review the action of another judge at Special Term. This I must decline to do. The learned judge at Special Term gave such allowance as he thought proper (Morss *v.* Hasbrouck, 13 *Week. Dig.* 393), in view of the labor and trouble incurred upon the trial of the action ; and the additional labors and trouble caused by the numerous appeals cannot be made the basis of extra allowance (Wolfe *v.* Van Nostrand, 2 *N. Y.* 570).

In any view, I am of opinion that this motion is controlled by the doctrine laid down by the General Term of this court, in the case of Eldridge *v.* Strenz (39 *Super. Ct.* 295), where it was held that after the court of appeals, on appeal from an order granting a new trial, has rendered a judgment absolute, the court below should not grant an allowance. To be sure this doctrine seems to be at variance with that laid down by the supreme court General Term, First Department, in the case of Parrott *v.* Sawyer (26 *Hun,* 466) ; but the doctrine held by this court is in accordance with that laid down by the court of appeals in the case of McGregor *v.* Buell (1 *Keyes,* 153), where it was held that it is not proper for the supreme court, on the return of a remittitur, to add any new and independent direction to the judgment of the court of appeals beyond what may be required to carry that judgment into effect ; and that the supreme court cannot add to the judgment contained in the remittitur a new or further judgment, even for costs of the appeal of that court. This case in the 1 Keyes is not quite in point, but it tends to confirm the doctrine laid down by the General Term of this court, in the case of Eldridge *v.* Strenz, *supra*).

The motion for another extra allowance must be denied, with $10 costs.